No. 26-4975

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STATE OF ARIZONA, et al.,

Plaintiffs - Appellants,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

Defendants - Appellees.

On Appeal from the U.S. District Court for the Western District of Washington
No. 2:25-cv-02015-TMC
The Honorable Tiffany M. Cartwright, U.S. District Court Judge

# PLAINTIFF-APPELLANTS' MOTION TO STAY APPEAL


NICHOLAS W. BROWN
*Attorney General of Washington*

SARAH E. SMITH-LEVY, WSBA # 55770
C. L. JUNINE SO, WSBA # 58779
ANDREW HUGHES, WSBA # 49515
*Assistant Attorneys General*
WILLIAM MCGINTY, WSBA # 41868
*Deputy Solicitor General*
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
Junine.So@atg.wa.gov
Sarah.E.Smith-Levy@atg.wa.gov
Andrew.Hughes@atg.wa.gov
William.McGinty@atg.wa.gov

KRISTIN K. MAYES
*Attorney General of Arizona*

Joshua D. Bendor, No. 031908
*Solicitor General*
Mary M. Curtin, No. 031973
*Senior Litigation Counsel*
Josh Lefkow, No. 041312
*Assistant Attorney General*
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
602-542-3333
Joshua.Bendor@azag.gov
Mary.Curtin@azag.gov
Joshua.Lefkow@azag.gov


(Additional counsel listed on signature page)

# I. INTRODUCTION

Plaintiffs respectfully request the Court enter a 90-day stay on the briefing schedule in this matter and direct the parties to file status reports on whether a continued stay is warranted. Fed. R. App. P. 26(b); Fed. R. App. P. 27; 9th Cir. R. 27-1. Defendants oppose this motion.

A temporary pause in this appeal is justified for three reasons. First, two other district courts, considering the same agency action at issue in this case, reached the opposite conclusion as the district court in this matter. Those two opinions, if they are not appealed, will give Plaintiffs all the relief they need and make this appeal unnecessary. Second, EPA has filed a petition for writ of certiorari in *Climate United Fund v. Citibank*, which asks the Court to review questions about the intersection of the Tucker Act and the Administrative Procedure Act, as well as separation of powers claims, in challenges to agency policies related to federal grants. Plaintiffs do not concede that the petition should be granted, nor do Plaintiffs agree that a ruling by the Supreme Court in *Climate United* would be dispositive of the legal questions at issue in this case. But staying briefing in this matter while the Supreme Court considers the petition (and any subsequent proceedings, should it grant the petition) may save the parties and this Court time, effort, and resources in the event certiorari is granted. And third, Plaintiffs continue to actively litigate their related case in the Court of Federal Claims. That case, in which Plaintiffs seek to recover

monetary damages from Defendants' unlawful termination of their grant agreements, has moved into the discovery phase. A stay of the briefing schedule in this case will allow all parties to focus their efforts on the Court of Federal Claims matter and will not prejudice the outcome of this case, which seeks separate relief on separate legal theories.

A temporary stay of proceedings in this matter to allow these factual and legal developments to play out before expending time and effort litigating this appeal will serve interests of judicial economy and preserve all parties' limited resources. Because good cause exists, the Court should grant Plaintiffs' motion.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this case, Plaintiffs challenge Defendants' decision to eliminate Solar for All, a congressionally created $7 billion program designed to make solar power more accessible to all Americans, in violation of the Administrative Procedure Act and the Constitution. *See generally* PA003-041 (Plaintiffs' Appendix). On the APA claims, Plaintiffs alleged EPA's reliance on H.R. 1, otherwise known as the One Big Beautiful Bill Act, to terminate Solar for All exceeded EPA's statutory authority, was contrary to law, and was arbitrary and capricious. PA029-030 ¶¶137-142; PA031-032 ¶¶151-155. On the constitutional claim, Plaintiffs alleged EPA's termination of Solar for All usurped Congress' power of the purse, was not supported by the text of H.R. 1, and that EPA otherwise lacked constitutional authority to undo

a congressionally created grant program. PA034 ¶¶164-169. Plaintiffs requested that the district court vacate EPA's unlawful termination of Solar for All and remand the issue to EPA to reconsider the fate of Solar for All without reliance on its erroneous interpretation of H.R. 1. *See* PA043-044. The district court denied Plaintiffs' motion for summary judgment and granted Defendants' motion, dismissing Plaintiffs' complaint for lack of jurisdiction under the Tucker Act and for failing to state a justiciable constitutional claim under *Dalton v. Specter*. *See generally* PA092-110. Plaintiffs timely filed their notice of appeal on July 30, 2026. PA111-116. This Court granted Plaintiffs' request for a streamlined extension for their deadline to file their opening brief; Plaintiffs' opening brief is currently due November 23, 2026. Text Order, Dkt Entry 18 (Oct. 9, 2026).

Three factual developments have transpired since Plaintiffs filed their notice of appeal.

First, in the months following the district court's opinion, two other district courts held that EPA's elimination of Solar for All was unlawful. *See Rhode Island AFL-CIO v. U.S. Env't. Prot. Agency*, --- F. Supp. 3d ---, 2026 WL 2797310 (D.R.I. Sept. 18, 2026); *Harris County v. U.S. Env't. Prot. Agency*, --- F. Supp. 3d ---, 2026 WL 2837849 (D.D.C. Sept. 22, 2026). Both courts concluded that the Tucker Act did not strip them of jurisdiction, found that EPA violated the APA, and vacated EPA's decision to unilaterally terminate Solar for All. *Rhode Island AFL-CIO*, 2026

WL 2797310, at *6-7 (discussion of jurisdiction), *7 (discussion of merits), *8 (discussion of vacatur); *Harris County*, 2026 WL 2837849, at *3-5 (discussion of jurisdiction), *6-8 (discussion of merits), *9-10 (discussion of remedy). Each of these courts' orders reflected that, on remand, EPA would revisit its decision, in light of the courts' respective orders, on the future of Solar for All moving forward. *Harris County*, 2026 WL 2837849, at *4 ("Vacatur setting aside the agency's interpretation . . . would return the question of Plaintiff's grant to EPA, which would retain discretion to reconsider the termination, terminate again on adequate grounds, or reach any other outcome the statute permits."); *Rhode Island AFL-CIO*, 2026 WL 2797310, at *8. The deadlines for filing notices of appeal in these cases are November 17 and 23, respectively—either shortly before or the same date as the opening brief deadline in this case. If no appeals are lodged by EPA, there may be no need for this Court to hear the Petitioners' appeal.

Second, EPA filed a petition for a writ of certiorari in *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (D.C. Cir.), *appealed sub nom Zeldin v. Climate United Fund*, No. 26-594 (Nov. 2, 2026) ("Pet."). In that case, grantees and subgrantees sued after EPA froze and dismantled the National Clean Investment Fund and the Clean Communities Investment Accelerator programs—the other two Greenhouse Gas Reduction Fund programs created by the Inflation Reduction Act besides Solar for All—and terminated all the grants under those programs. *See Climate United*

*Fund v. Citibank, N.A.*, 778 F. Supp. 3d 90, 100-104 (D.D.C. 2025). The District Court for the District of Columbia concluded these actions violated the APA, the Inflation Reduction Act, and the Constitution, and so preliminarily enjoined EPA from dismantling the programs or clawing back the grant funds. *Id.* at 113-16. Although a three-judge panel of the D.C. Circuit initially set aside this preliminary injunction, the D.C. Circuit took the case *en banc* and vacated the panel's opinion. *Climate United Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 3663661 (D.C. Cir. Dec. 17, 2025) (per curiam). The *en banc* court then issued a decision affirming a portion of the preliminary injunction and affirming the remainder of the preliminary injunction by an equally divided court. *Climate United Fund v. Citibank, N.A.*, 184 F.4th 679, 680-81 (D.C. Cir. 2026) (per curiam).

In the recently-filed petition for a writ of certiorari, the federal government has asked the Supreme Court to consider: (1) "whether the Tucker Act . . . precludes [grantees and subgrantees] from challenging in district court the termination of grant agreements by [EPA]" and (2) "whether [grantees and subgrantees'] claim that EPA's grant terminations violated" the Inflation Reduction Act "can support the district court's injunction against those terminations." Pet. at i. The federal government argues that the district court improperly applied the test from *Megapulse, Inc. v. Lewis*, 672 F.2d 959 (D.C. Cir. 1982) to conclude that the Tucker Act did not apply to the grantees' APA, statutory, and constitutional claims. Pet. at

17-22. The federal government also argues that the grantees' constitutional claims are barred by *Dalton v. Specter*. *Id.* at 19-22. Moreover, the petition asserts that the Supreme Court should accept review to clarify the application of the Tucker Act in cases bringing APA and constitutional claims related to grant terminations, given district and circuit courts' divergent resolution of these claims. *Id.* at 29-31. Plaintiffs anticipate that a decision on the petition will be made as early as January 2027.

Third, the parties have begun limited discovery in their parallel Court of Federal Claims matter. Before the Plaintiffs filed their notice of appeal to this Court, the parties had fully briefed and argued Plaintiffs' motion for partial summary judgment in the Court of Federal Claims. Text Order, *Maryland Clean Energy Ctr. v. United States*, Dkt. 75, Case No. 1:25-cv-01738-LAS (Fed. Cl. July 16, 2026). Judge Loren A. Smith took the motion under advisement, determined a trial was necessary to establish whether damages exist, and directed the parties to meet and confer on a proposed discovery plan. Scheduling Order, *Maryland Clean Energy Ctr. v. United States*, Dkt. 78, Case No. 1:25-cv-01738-LAS (Fed. Cl. Aug. 7, 2026). The parties are currently engaged in discovery for three bellwether States, in advance of a status conference on December 1 and a trial currently scheduled in August 2027. Order, *Maryland Clean Energy Ctr. v. United States*, Dkt. 82, Case No. 1:25-cv-01738-LAS (Fed. Cl. Sept. 17, 2026).

## III. ARGUMENT

A federal court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). To determine whether to issue a docket management stay, courts consider (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Additionally, this Court may extend a briefing schedule for good cause. Fed. R. App. P. 26(b).

The Court should grant Plaintiffs' motion because, given the factual and legal developments discussed above, all three factors supporting a docket management stay are met.

*First*, no Appellees will suffer prejudice from any delay. *Lockyer*, 398 F.3d at 1110. The district court denied Plaintiffs' motion for summary judgment, and no order from the district court or this Court would require Defendants to take any action on the Solar for All program generally or Plaintiffs' Solar for All grants specifically.

*Second*, a stay will conserve resources for all parties and the Court. *Lockyer*, 398 F.3d at 1110. As discussed above, two other district courts already awarded the vacatur relief that Plaintiffs here sought. Plaintiffs do not know whether an appeal will be taken in either case. But if these decisions are not appealed, then Plaintiffs will benefit from the vacatur ordered by those courts, and further action on this appeal may not be necessary. Pausing proceedings in this case to see whether any appeals are taken and to assess the scope of those possible appeals will allow Plaintiffs to determine whether this appeal is still necessary. This will preserve judicial economy and save all parties the time, effort, and resources of briefing until it is known whether this appeal remains required.

In addition, a stay during the pendency of the *Climate United* petition for certiorari will also potentially preserve resources. One of Defendants' central defenses in this case is that the Tucker Act divested the district court of jurisdiction over Plaintiffs' claims, which they characterized as essentially contractual and statutory in nature. *See* PA064-071 (Defendants' cross-motion for summary judgment, based in part on Tucker Act defenses); PA105-109 (granting Defendants' summary judgment on Tucker Act grounds). Plaintiffs dispute this, both as to their APA claims and their constitutional claims, and disagree that the petition for writ of certiorari should be granted. But Defendants argued in their petition for certiorari that, if review is granted, the Supreme Court's ruling on the Tucker Act could inform

how lower courts should apply it in other cases involving grants. *See* Pet. at 28-31; *see also id.* at 17-19 (arguing APA claims were barred by the Tucker Act), 19-22 (arguing separation of powers claim was really a statutory claim barred by both the Tucker Act and *Dalton v. Specter*). If this case proceeds on the current schedule, a ruling on either question by the Supreme Court could require supplemental briefs in this case. Thus, a pause in this case will reveal whether the Supreme Court will address those issues, avoiding the potential need for multiple briefs and consideration by this Court, and thereby preserve judicial economy and all parties' resources.

A stay of this case will also preserve resources given other active litigation. The parties are engaged in discovery in their parallel breach-of-contract action before the Court of Federal Claims. A stay in this matter will preserve the parties' resources by allowing them to focus on discovery in the Court of Federal Claims matter and ensure that each matter receives adequate attention from counsel.

*Third*, a stay may simplify the issues before this Court. *Lockyer*, 398 F.3d at 1110. Again, *Climate United* is not dispositive of the questions presented here—there are significant factual and legal distinctions between the two cases. But Defendants have argued that the scope and applicability of the Tucker Act is nonetheless a central issue to both appeals. Further, Plaintiffs in this case are appealing the district court's conclusion that their constitutional claims were barred

by *Dalton v. Specter*—an issue also presented in the federal government's *Climate United* certiorari petition. A decision from the Supreme Court could narrow or clarify the issues for this Court, even if a decision is ultimately not on all fours with the issues presented in this case. *Leyva v. Cert. Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (a stay "pending resolution of independent proceedings which bear upon the case" may be appropriate, even if the proceedings are not "necessarily controlling of the action" before the court).

Accordingly, the Court should enter a 90-day stay in this matter and direct the parties to file a joint status report on February 22, 2027, on the status of these cases and any need for a continued stay in this matter.

## IV. CONCLUSION

The Court should grant Plaintiffs' motion.

RESPECTFULLY SUBMITTED this 13th day of November, 2026.

NICHOLAS W. BROWN
Attorney General of Washington

*s/Sarah Smith-Levy*
SARAH E. SMITH-LEVY, WSBA # 55770
C. L. JUNINE SO, WSBA # 58779
ANDREW HUGHES, WSBA # 49515
WILL MCGINTY, WSBA # 41868
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
Sarah.E.Smith-Levy@atg.wa.gov
Junine.So@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Will.Mcginty@atg.wa.gov

**KRISTIN K. MAYES**
Attorney General of Arizona

By: */s/ Mary M. Curtin*
MARY M. CURTIN, WSBA #031973
*Senior Litigation Counsel*
JOSHUA D. BENDOR, WSBA #031908
JOSH LEFKOW, WSBA #041312
*Assistant Attorney General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
602-542-3333
Joshua.Bendor@azag.gov
Mary.Curtin@azag.gov
Joshua.Lefkow@azag.gov
ACL@azag.gov

*Attorneys for the State of Arizona*

**KEITH ELLISON**
Attorney General of Minnesota

By: */s/ Peter Surdo*
PETER SURDO
*Special Assistant Attorney General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101
651-300-6637
Peter.Surdo@ag.state.mn.us

*Counsel for the State of Minnesota*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: *<u>/s/ Caroline S. Van Zile</u>*
CAROLINE S. VAN ZILE
*Solicitor General*
ASHWIN P. PHATAK
*Principal Deputy Solicitor General*
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
202-724-6609
Caroline.Vanzile@dc.gov

*Attorneys for the District of Columbia*

**ROB BONTA**
Attorney General of California

By: *<u>/s/ Marie Elizabeth Logan</u>*
MARIE ELIZABETH LOGAN
DYLAN C. REDOR
THEODORE A. MCCOMBS
*Deputy Attorneys General*
MYUNG PARK
ABIGAIL BLODGETT
*Supervising Deputy Attorneys General*
California Department of Justice
1515 Clay Street
Oakland, CA 94612
Marie.Logan@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: *<u>/s/ Carrie Noteboom</u>*
CARRIE NOTEBOOM
*Assistant Deputy Attorney General*
DAVID MOSKOWITZ
*Deputy Solicitor General*
Colorado Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Carrie.Noteboom@coag.gov
David.Moskowitz@coag.gov

*Attorneys for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: *<u>/s/ Jill Lacedonia</u>*
JILL LACEDONIA
*Assistant Attorney General*
165 Capitol Avenue
Hartford, CT 06106
860-808-5250
Jill.Lacedonia@ct.gov

*Attorneys for the State of Connecticut*

**ANNE E. LOPEZ**
Attorney General for the State of Hawai‘i

By: *<u>/s/ Kaliko‘onālani D. Fernandes</u>*
KALIKO‘ONĀLANI D. FERNANDES
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
808-586-1360
Kaliko.D.Fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*

**OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR**
in his official capacity as Governor of the Commonwealth of Kentucky

By: *<u>/s/ S. Travis Mayo</u>*
S. TRAVIS MAYO
*General Counsel*
LAURA C. TIPTON
*Deputy General Counsel*
Office of the Governor
501 High Street, 2nd Floor
Frankfort, KY 40601
502-564-2611
Travis.Mayo@ky.gov
Laurac.Tipton@ky.gov

*Counsel for the Office of the Governor*

**KWAME RAOUL**
Attorney General of Illinois

By: *<u>/s/ Alex Hemmer</u>*
ALEX HEMMER
*Deputy Solicitor General*
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
773-590-7932
Alex.Hemmer@ilag.gov

*Attorneys for the State of Illinois*

**AARON M. FREY**
Attorney General of Maine

By: *<u>/s/ Scott Boak</u>*
SCOTT BOAK
*Assistant Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
207-626-8566
Scott.Boak@maine.gov

*Attorneys for the State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: /s/ *Steven J. Goldstein*
STEVEN J. GOLDSTEIN
*Assistant Attorney General*
Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, MD 21202
410-576-6414
Sgoldstein@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of Massachusetts

By: /s/ *Katherine Dirks*
KATHERINE DIRKS
*Chief State Trial Counsel*
AMY LAURA CAHN
*Special Assistant Attorney General*
Office of the Attorney General of Massachusetts
One Ashburton Place
Boston, MA 02108
617-963-2277
Katherine.Dirks@mass.gov
Amy.Laura.Cahn@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of Michigan

By: /s/ *Neil Giovanatti*
NEIL GIOVANATTI
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorneys for the State of Michigan*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: /s/ *Eliza Lehner*
ELIZA LEHNER
*Chief Counsel to the Attorney General*
Office of the Attorney General
25 Market St., P.O. Box 093
Trenton, NJ 08625-0093
609-433-9917
Eliza.Lehner@njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ J. Spenser Lotz*
J. SPENSER LOTZ
*Assistant Attorney General*
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-616-7560
Slotz@nmdoj.gov

*Attorneys for the State of New Mexico*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Ester Murdukhayeva*
ESTER MURDUKHAYEVA
*Deputy Solicitor General*
MATTHEW EISENSON
*Assistant Attorney General*
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
212-416-6279
Ester.Murdukhayeva@ag.ny.gov
Matthew.Eisenson@ag.ny.gov

*Attorneys for the State of New York*

**JEFF JACKSON**
Attorney General of North Carolina

LAURA HOWARD
Chief Deputy Attorney General

*By /s/ Daniel P. Mosteller*
DANIEL P. MOSTELLER
*Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
Dmosteller@ncdoj.gov

*Counsel for State of North Carolina*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
*Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: 971-283-8657
Fax: 971-673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for the State of Oregon*

**MICHAEL A. BRAYMER**
Chief Counsel
Department of Environmental Protection

By: */s/ Michael J. Heilman*
MICHAEL J. HEILMAN
*Litigation Coordinator*
Department of Environmental Protection
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222
Phone: 412-442-4241
Email: Mheilman@pa.gov

*Attorney for JESSICA SHIRLEY, Chair of the Pennsylvania Energy Development Authority*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
*Assistant Attorney General*
Office of the Attorney General
150 South Main Street
Providence, Rhode Island 02903
401-274-4400 ext. 2297
Nvaz@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By:*/s/ Jonathan T. Rose*
JONATHAN T. ROSE
*Solicitor General*
SAMUEL B. STRATTON
*Assistant Attorney General*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
802-828-3171
Jonathan.Rose@vermont.gov
Sam.Stratton@vermont.gov

*Attorneys for the State of Vermont*

**JAY JONES**
Attorney General of Virginia

By: */s/ Tillman J. Breckenridge*
TILLMAN J. BRECKENRIDGE
*Solicitor General*
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, Virginia 23219
Tel: 804-786-2071
Fax: 804-786-1991
Solicitorgeneral@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

**WISCONSIN ECONOMIC**
**DEVELOPMENT CORPORATION**
Maya Haese
Deputy General Counsel

By: <u>*/s/ Maya Haese*</u>
MAYA HAESE
2352 S. Park St., Suite 303
Madison, WI 53713
608-210-6889
Maya.Haese@wedc.org

*Attorney for Wisconsin Economic Development Corporation*

## CERTIFICATE OF COMPLIANCE

This Motion to Stay Appeal complies with the type-volume limitation of Ninth Circuit Rules 27-1(1)(d) and 32-3 because it contains 2,345 words. This Response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in New Times Roman 14-point font, a proportionally spaced typeface.

*s/ C. L. Junine So*
C. L. JUNINE SO, WSBA # 58779
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2026, I electronically filed the foregoing documents with the Clerk of the Court by using the Appellate Case Management System. I further certify that the participants in the case are ACMS users, and that service will be accomplished by using the ACMS system.

*s/ C. L. Junine So*
C. L. JUNINE SO, WSBA # 58779
Assistant Attorney General